IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROL BARBOUR | * | |
| | * | |
| v. | * | Civil No. – JFM-12-937 |
| | * | |
| BOARD OF EDUCATION OF | * | |
| PRINCE GEORGE'S COUNTY | * | |

******

## MEMORANDUM

Plaintiff, who is a self-described "mixed-race Latina," alleges in this action that she was discriminated against when she was not rehired by the Board of Education of Prince George's County.[1] Discovery has been completed, and defendant has filed a motion for summary judgment. The motion will be granted.

The two reasons that plaintiff has no viable claim against defendant may be briefly stated. First, plaintiff testified on deposition that she did not know whether the persons who decided not to rehire her were aware of her race. Although she has stated in an affidavit attached to her memorandum in support of her motion for summary judgment that Dr. William Hite, the Superintendent of defendant, knew that plaintiff was Latina, Dr. Hite has submitted an affidavit stating, *inter alia*, that "[a]t no time was I ever aware that . . . plaintiff" was Hispanic or Latina. Moreover, by her own admission it is impossible to tell from her appearance that she is Latina. Under these circumstances the law is well established that a plaintiff cannot create a genuine

---

[1] Plaintiff also asserted claims for age discrimination. However, as plaintiff implicitly concedes in not responding to the arguments made in defendant's summary judgment memorandum, there is no evidence to support any claim for age discrimination.

1

dispute of material fact by submitting an affidavit that contradicts her deposition testimony. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 760 (4th Cir. 1984).

Second, plaintiff has not rebutted defendant's proffered legitimate reason for not rehiring her. According to Dr. Hite, he instructed defendant's Chief of Human Resources to remove plaintiff's name from any list of candidates for positions to ensure that she was not hired because he had received a negative reference concerning plaintiff from Peter Gorman, the superintendent of plaintiff's former employer, the Charlotte-Mecklenburg Schools. According to Dr. Hite, Gorman told him that plaintiff was "one of the worst principals he had ever been associated with" and that she was "terrible." Plaintiff has not contradicted Dr. Hite's testimony. Rather, she relies upon the fact that defendant had given other reasons for not rehiring her. None of these reasons, however, are inconsistent with Dr. Hite having been given an unfavorable reference about plaintiff, and it is entirely reasonable that defendant did not subject plaintiff's prior employer to a law suit by not disclosing, until it became necessary, that its superintendent had given plaintiff an unfavorable reference. Under these circumstances plaintiff cannot rely upon the fact that she was initially told another reason that she was not rehired. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 661 (9th Cir. 2002); *Baldwin v. England*, 137 Fed. Appx. 561, 564 (4th Cir. 2005).

A separate order granting defendant's summary judgment motion and entering judgment on his behalf is being entered herewith.

Date: July 12, 2013        \_\_\_\_/s/_____
J. Frederick Motz
United States District Judge